UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAPRICE SMITH, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER HICKMAN and THE VILLAGE OF SAUK VILLAGE, <br><br> Defendants. | Case No. |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, CAPRICE SMITH, by and through her attorney, Jeffrey C. Grossich, Esq., of The Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint at Law states the following against DEFENDANTS, OFFICER HICKMAN and THE VILLAGE OF SAUK VILLAGE:

**I. JURISDICTION AND VENUE**

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983; the Judicial Code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

2. Venue is appropriate as the incident described of in this Complaint took place exclusively in Cook County, Illinois.

**II. PARTIES**

3. PLAINTIFF CAPRICE SMITH (hereafter, "PLAINTIFF") is a United States citizen and Illinois resident who resides in Cook County.

4. Upon information and belief, DEFENDANT OFFICER HICKMAN (hereinafter

1

"DEFENDANT OFFICER") is a United States citizen and Illinois resident who resides in Cook County.

5. DEFENDANT THE VILLAGE OF SAUK VILLAGE (hereinafter "DEFENDANT VILLAGE") is a duly incorporated municipal corporation.

6. DEFENDANT VILLAGE is the employer and principal of DEFENDANT OFFICER.

7. DEFENDANT OFFICER, at all times relevant hereto, was employed by and acting on behalf of DEFENDANT VILLAGE.

8. At all times material to this Complaint, DEFENDANT OFFICER was acting under color of state law, ordinance and/or regulation, statues, custom, and usages of DEFENDANT VILLAGE.

### III. FACTS

9. In March 2020, PLAINTIFF had reconstructive surgery on her right shoulder.

10. On May 16, 2020, DEFENDANT OFFICER responded to a call of a domestic dispute at PLAINTIFF'S residence.

11. DEFENDANT OFFICER arrived at PLAINTIFF'S residence.

12. DEFENDANT OFFICER asked PLAINTIFF to step outside of the residence.

13. PLAINTIFF stepped outside of the residence.

14. DEFENDANT OFFICER grabbed PLAINTIFF'S left arm (non-surgically repaired shoulder).

15. DEFENDANT OFFICER then performed a takedown on PLAINTIFF by throwing her to the ground.

16. DEFENDANT OFFICER pinned PLAINTIFF to the ground and attempted to

handcuff her arms behind her back.

17. DEFENDANT OFFICER grabbed PLAINTIFF'S right arm.

18. DEFENDANT OFFICER twisted PLAINTIFF'S right arm behind her back.

19. DEFENDANT OFFICER yanked on PLAINTIFF'S right arm.

20. DEFENDANT OFFICER yanked on PLAINTIFF'S right arm several times.

21. DEFENDANT OFFICER yanked on PLAINTIFF'S right arm several times as he attempted to handcuff her.

22. DEFENDANT OFFICER yanked on PLAINTIFF'S right arm several times as he attempted to handcuff her despite PLAINTIFF'S screams of pain and objections for him to stop.

23. Due to her recent surgery on her right shoulder, PLAINTIFF could not physically twist her right arm behind her back.

24. PLAINTIFF attempted to inform DEFENDANT OFFICER that she was unable to put her right arm behind her back due to a recent surgery.

25. PLAINTIFF asked DEFENDANT OFFICER to stop twisting her right arm behind her back.

26. DEFENDANT OFFICER did not listen to PLAINTIFF and continued to twist her right arm behind her back.

27. PLAINTIFF'S husband also told DEFENDANT OFFICER that PLAINTIFF had recently had surgery to repair her right shoulder.

28. DEFENDANT OFFICER threatened to arrest PLAINTIFF'S husband upon being told that PLAINTIFF had just had surgery on her right shoulder.

29. DEFENDANT OFFICER continued to twist PLAINTIFF'S right arm behind her back despite being informed that PLAINTIFF had just had her right shoulder surgically

reconstructed.

30. Eventually, PLAINTIFF was able to convince DEFENDANT OFFICER to examine the recent surgical scars on her right shoulder so DEFENDANT OFFICER could confirm that PLAINTIFF could not twist her arm behind her back.

31. Upon seeing PLAINTIFF'S fresh surgical scars, DEFENDANT OFFICER stopped twisting PLAINTIFF'S right arm behind her back.

32. Instead, DEFENDANT OFFICER handcuffed PLAINTIFF with her arms in front of her.

33. PLAINTIFF did not commit any crimes in the presence of DEFENDANT OFFICER.

34. At no point did PLAINTIFF resist DEFENDANT OFFICER.

35. DEFENDANT OFFICER had no valid reason for using force against PLAINTIFF.

36. DEFENDANT OFFICER did not warn PLAINTIFF that he might possibly use force against her.

37. PLAINTIFF immediately sensed an injury to her surgically repaired shoulder once DEFENDANT OFFICER stopped twisting it behind her back.

38. DEFENDANT OFFICER then took PLAINTIFF in handcuffs to the DEFENDANT VILLAGE police station.

39. DEFENDANT OFFICER had no probable cause to believe PLAINTIFF had committed a crime.

40. PLAINTIFF was never charged with any crime or issued a citation.

41. PLAINTIFF was then transported to a local hospital in an ambulance to treat her injured right shoulder.

42. Doctors at the hospital took x-rays of PLAINTIFF'S surgically repaired shoulder and recommended that PLAINTIFF see a specialist.

43. Two weeks later, PLAINTIFF visited the surgeon who performed her initial shoulder reconstruction.

44. The surgeon determined that the tendon in PLAINTIFF'S surgically repaired shoulder had come away from the bone.

45. DEFENDANT OFFICER caused PLAINTIFF'S tendon in her right shoulder to pull away from the bone when he, *inter alia*, continuously twisted her right arm behind her back.

46. PLAINTIFF had a second surgery on her right shoulder on August 20, 2020.

47. As a result of the incident alleged above, PLAINTIFF will no longer have full functionality in her right shoulder.

48. As a result of the incident alleged above, PLAINTIFF suffered lost wages.

49. As a result of the incident alleged above, PLAINTIFF suffered, and continues to suffer, from physical trauma and pain.

50. As a result of the incident alleged above, PLAINTIFF suffered, and continues to suffer, from emotional trauma.

51. As a result of the incident alleged above, PLAINTIFF is scared and apprehensive to leave her home.

52. As a result of the incident alleged above, PLAINTIFF suffered, and continues to suffer, from shame, guilt, embarrassment, among other psychological injuries.

### COUNT I
### Fourth Amendment-False Arrest (42 U.S.C. § 1983)
### (AGAINST DEFENDANT OFFICER)

53. PLAINTIFF restates and re-alleges the above paragraphs as though fully set forth herein.

54. As described above, the DEFENDANT OFFICER arrested PLAINTIFF without probable cause to believe PLAINTIFF had committed any criminal activity.

55. DEFENDANT OFFICER violated PLAINTIFF'S clearly established constitutional right to be free from unlawful seizures.

56. The conduct of DEFENDANT OFFICER was in violation of the Fourth Amendment to the United States Constitution.

57. The aforementioned actions of DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages, punitive damages, attorneys' fees, and costs against DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

## COUNT II
### Fourth Amendment-Excessive Force (42 U.S.C. § 1983)
### (AGAINST DEFENDANT OFFICER)

58. PLAINTIFF restates and re-alleges the above paragraphs as though fully set forth herein.

59. DEFENDANT OFFICER violated PLAINTIFF'S clearly established constitutional right to be free from unlawful seizures.

60. DEFENDANT OFFICER applied physical force to PLAINTIFF with intent to restrain her.

61. DEFENDANT OFFICER'S use of force against PLAINTIFF was unreasonable.

62. There was no indication PLAINTIFF had committed a crime, PLAINTIFF did not resist arrest, and PLAINTIFF posed no threat to DEFENDANT OFFICER.

63. A reasonable officer in DEFENDANT OFFICER'S position would not have

6

applied force against PLAINTIFF.

WHEREFORE, PLAINTIFF demands compensatory damages, punitive damages, attorneys' fees, and costs against DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

**COUNT III**
**False Arrest-State Law Claim**
**(AGAINST DEFENDANT OFFICER)**

64. PLAINTIFF restates and re-alleges the above paragraphs as fully set forth herein.

65. DEFENDANT OFFICER arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.

66. The conduct of DEFENDANT OFFICER was in violation of Illinois law.

67. The aforementioned actions of DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages and punitive damages against DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

**COUNT IV**
**Willful and Wanton Conduct-State Law Claim**
**(AGAINST DEFENDANT OFFICER)**

68. PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

69. DEFENDANT OFFICER became aware from both PLAINTIFF and her husband that PLAINTIFF had just had her right shoulder reconstructed but he continued attempting to twist her arm behind her back when she was unable to do so.

70. DEFENDANT OFFICER committed willful and wanton conduct when he actually and deliberately intended to harm PLAINTIFF.

71. Alternatively, DEFENDANT OFFICER was conscious that his conduct would naturally and probably injure PLAINTIFF given the surrounding circumstances and PLAINTIFF'S existing conditions.

72. As a direct and proximate result of DEFENDANT OFFICER'S conduct, PLAINTIFF suffered harm.

WHEREFORE, PLAINTIFF demands compensatory damages and punitive damages against DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

### COUNT V
### Battery-State Law Claim
### (AGAINST DEFENDANT OFFICER)

73. PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

74. DEFENDANT OFFICER intentionally and willfully touched PLAINTIFF.

75. DEFENDANT OFFICER'S intentional and willful touching of PLAINTIFF injured her.

76. DEFENDANT OFFICER had no lawful basis to make harmful contact with PLAINTIFF.

WHEREFORE, PLAINTIFF demands compensatory damages and punitive damages against DEFENDANT OFFICER and whatever additional relief this Court deems equitable and just.

### COUNT VI
### 745 ILCS 10/9-102-State Law Claim
### (AGAINST DEFENDANT VILLAGE)

77. PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

78. DEFENDANT VILLAGE is the employer of DEFENDANT OFFICER.

79. DEFENDANT OFFICER, as alleged above, committed the acts under color of law and in the scope of his employment with DEFENDANT VILLAGE.

WHEREFORE, should DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ICLS 10/9-102, DEFENDANT VILLAGE pay any judgment (other than punitive damages) obtained against DEFENDANT OFFICER as a result of this Complaint.

**COUNT VII**
***Respondeat Superior*-State Law Claim**
**(AGAINST DEFENDANT VILLAGE)**

80. PLAINTIFF re-alleges the above paragraphs as though fully set forth herein.

81. The aforesaid acts of DEFENDANT OFFICER in his individual capacity were in the scope of his employment with DEFENDANT VILLAGE, and therefore DEFENDANT VILLAGE, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE, should DEFENDANT OFFICER be found liable for any state law claim in this cause, PLAINTIFF demands that the DEFENDANT VILLAGE pay said judgment.

**JURY DEMAND**

PLAINTIFF demands trial by jury.

    Respectfully submitted,

    *s/Jeffrey C. Grossich*
    Attorney for Plaintiff

Blake Horwitz, Esq.
Jeffrey C. Grossich, Esq.
**The Blake Horwitz Law Firm, Ltd.**
111 W. Washington St., Suite 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312)445-8741